IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUNDAY NWEGBO : CIVIL ACTION
:
v. :
: NO. 12-CV-05063
COLWYN BOROUGH, et al. :

MEMORANDUM AND ORDER

JACOB P. HART                                                                                   July 10, 2013
UNITED STATES MAGISTRATE JUDGE

      Plaintiff, Sunday Nwegbo, a Councilman of Colwyn Borough, filed this action under 42 U.S.C. § 1983 against the Borough, its then police lieutenant, Wendell Reed, Councilwomen Tonette Pray, Patrolman Clinton Craddock, and Borough Treasurer, MacDonald Ford. The action stems from incidents that took place at a Borough council meeting on June 9, 2011. The only remaining defendants are Clinton Craddock and Wendell Reed. Nwegbo alleges that he was unlawfully arrested and attacked by Reed and Craddock and that these actions were in violation of his First Amendment rights because they were in retaliation for his protected speech at the Council meeting.

      Currently pending is Defendants' Motion in Limine to Preclude Plaintiff from introducing evidence pertaining to the existence, averments, facts of and evidence from any and all other lawsuits involving the Defendants. Defendants seek to preclude testimony regarding ongoing litigation involving some of the defendants in this case, as well as any evidence regarding employment disputes between the parties.

      DISCUSSION:

      Defendants argue that pursuant to the Federal Rules of Evidence Plaintiff should be

precluded from introducing evidence or testimony pertaining to the other lawsuits involving the defendants. Pursuant to Federal Rule of Evidence 402, any evidence that is not relevant is not admissible. Federal Rule of Evidence 401 provides that evidence is relevant if "(a) it has any tendency to make a fact more or less probable then it would be without the evidence; and (b) the fact is of consequence in determining the action." Pursuant to Federal Rule of Evidence 403, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needlessly presenting cumulative evidence." Furthermore, under Rule 404(b), "[e]vidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The evidence would be admissible only to demonstrate "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. " Fed. R. Evid. 404(b)(2).

The lawsuits involving the defendants are as follows:

Clarke v. Banks, et al, Docket No. 12-3668 (E.D. Pa):

In Clarke v. Banks, et al, "Craddock alleges that he brought various instances of his co-workers' wrongdoing to the attention of his superiors Lt. Wendell Reed and Councilwomen Tonette Pray. He alleges that in return, Colwyn Borough terminated his employment in retaliation for his good faith reporting of wrongdoing." (Defendants' Motion).

Craddock v. Darby Borough, Docket No. 12-4519 (E.D. Pa):

Craddock brought this action against Darby Borough and its police chief, alleging assault and battery and racial discrimination. He alleges that he reported the discrimination to the public

and as a result faced further retaliation from the police officials in Darby in violation of his First Amendment rights.

Robinson v. Colwyn Borough, 12-4696 (E.D. Pa):

Plaintiff in this action alleges that Reed and Pray unlawfully discriminated against him on the basis of race and terminated his employment in retaliation for First Amendment protected activity. He also alleges an ongoing conspiracy.

Pour v. Craddock, Docket No. 13-1084 (E.D. Pa):

This case involves an allegation of excessive force against Craddock during an arrest on March 1, 2011, while Craddock was employed as an officer for Colwyn Borough.

As Defendants argue, the lawsuits involve entirely separate claims from those involved in this case, as well as different parties. We agree that the relevance of the issues involved in these other actions to determining Plaintiff's claims of malicious prosecution, false arrest, false imprisonment and a First Amendment violation is questionable, at best. For example, Craddock's whistleblower claim against Colwyn Borough and Lt. Reed, his co-defendant in this case, seems to be irrelevant to any issues involved in this action. The case involves allegations that his employment was terminated in retaliation for his reporting wrongdoing. The claims do not seem to be at all related to Plaintiff Nwegbo's claims against Craddock and Reed in this case. There does not seem to be anything in that action which would have "any tendency to make a fact[as to this case] more or less probable then it would be without the evidence." Fed R. Evid. 401.

Craddock's claims against Darby Borough also do not seem at all relevant to the instant

3

action. In that case, Craddock, a defendant in this action, alleges that he was discriminated against by and was the victim of assault and battery by an entirely separate Borough. This does not seem to be of any consequence in determining the issues in the instant case, namely whether Reed and Craddock violated Nwegbo's rights when he was arrested.

Similarly, the action brought by a separate plaintiff, Robinson, against Colwyn Borough, also does not appear to be relevant. This action also stems from an entirely different incident. The case is against Reed and Pray for unlawful discrimination on the basis of race, as well as conspiracy and First Amendment retaliation. There is no racial discrimination claim in this case. Furthermore, Pray is no longer a defendant and there is no longer a claim of conspiracy. Since the only similarity is that the case involves a First Amendment claim against Reed, the only potential use of the Robinson case would be for plaintiff to attempt to demonstrate some sort of propensity on the part of Lt. Reed to violate First Amendment rights.

Even if the allegations in that case were resolved, pursuant to Rule 404(b), evidence of this alleged wrong is not permitted. Plaintiff cannot be permitted to introduce evidence that Reed allegedly violated another defendant's First Amendment rights in an effort to prove a violation in this case. See Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515, 520 (3d Cir. 2003) (Rule 404(b) prohibits the admission of other acts evidence for the purpose of showing that an individual has a propensity or disposition to act in a particular manner). Plaintiff cannot satisfy any of the exceptions since he would not be using the case to demonstrate "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." See Fed. R. Evid. 404(b)(2). Although plaintiff asserts that the litigation should be admissible to demonstrate a "plan" to silence or rid the Borough of all individuals they find undesirable (Memo in Opposition to Motion), this is nothing more than an attempt to use

4

allegations of prior acts to demonstrate a propensity. Therefore, pursuant to Rule 404(b), any evidence related to the Robinson case is not permitted.

To the extent that these cases are relevant, we find that the probative value of any testimony regarding these cases or their factual allegations (as Plaintiff suggests as an alternative to referencing the lawsuits) would be far outweighed by the risk of unfair prejudice, as well as the risk of confusing the jury and wasting time. See Fed. R. Evid. 403. Furthermore, as Defendants note, these cases are all in their preliminary stages and have not been decided on their merits. This court will not waste the jury's time conducting mini-trials regarding the allegations in the other cases. See Elston v. UPMC-Presbyterian Shadyside, 06-cv-329, 2008 WL 682494, 3 (W.D.Pa. March 7, 2008) (finding that a "mini-trial" regarding prior alleged discrimination would distract the jury from the focal issue in the case).

We also agree with Defendants that introduction of evidence regarding a separate allegation of excessive force against Craddock would serve none of the permitted purposes. Plaintiff is not permitted to introduce evidence of this separate, unrelated allegation of excessive force in an attempt to demonstrate that there was excessive force in this case. See Fed. R. Evid. 404(b). This evidence would serve no purpose other than an attempt to demonstrate that because he allegedly behaved in that manner once, it was likely that it did it again, which is exactly what is prohibited under Rule 404(b). Therefore, any reference to Pour v. Craddock or the allegations in that case will also not be permitted. See Thompson v. Mancuso, 08-cv-3638, 2009 WL 2616713 (E.D. Pa. Aug. 25, 2009) (Restrepo, J.) (finding prior excessive force or police misconduct inadmissible under Rule 404(b) and because any value in proving intent outweighed by prejudice); Palmer v. Nassan, 10-cv-0922, 2011 WL 587982 (W.D. Pa. Feb. 10, 2011) (holding other incidents of excessive force resulting in civil lawsuit were "other acts" under

404(b) and not admissible because probative value was outweighed by unfair risk of prejudice).

Finally, Defendants seek to preclude introduction of any evidence regarding internal employment disputes between Reed and Craddock. Craddock testified that he believed Reed, if given the chance, would sabotage his efforts to get a new job, in retaliation for his filing a lawsuit against Colwyn Borough. See Craddock dep. at 46-47. He also testified that he had work-related disputes in the past with Reed and once they had disagreed about whether or not an individual that Craddock had arrested should have been arrested. Id. at 32-35. We agree that any testimony regarding these conflicts between Reed and Craddock are simply not relevant to proving or disproving Plaintiff's claims of excessive force, malicious prosecution, false arrest/ false imprisonment or that his arrest was in violation of his First Amendment rights. We disagree with Plaintiff that this "sets the scene for what happened the day of the incident" or provides any motive. Craddock and Reed are co-defendants in this case. Their relationship has nothing to do with whether or not they violated Plaintiff's rights on the night in question. Given the fact that there is no longer a claim of conspiracy in this case, their relationship has nothing to do with the claims. This evidence would only serve to confuse the jury and would be in violation of Rule 403.

Therefore, I will enter the following: