IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUNDAY NWEGBO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO.   12-CV-05063 |
| COLWYN BOROUGH, et al. | : | |

MEMORANDUM AND ORDER

JACOB P. HART                                                                                    July 10, 2013
UNITED STATES MAGISTRATE JUDGE


Plaintiff, Sunday Nwegbo, a Councilman of Colwyn Borough, filed this action under 42 U.S.C. § 1983 against the Borough, its then police lieutenant, Wendell Reed, Councilwomen Tonette Pray, Patrolman Clinton Craddock,  and Borough Treasurer, MacDonald Ford.   The action stems from incidents that took place at a Borough council meeting on June 9, 2011.  The only remaining defendants are Clinton Craddock and Wendell Reed.  Nwegbo alleges that he was unlawfully arrested and attacked by Reed and Craddock and that these actions were in violation of his First Amendment rights because they were in retaliation for his protected speech at the Council meeting.

Currently pending is Plaintiff's Motion for an Adverse Inference Jury Instruction. Plaintiff argues that he is entitled to an adverse inference jury instruction due to the fact that there is only one video of the Borough Council meeting from the night of the incident.  He alleges that the video from the second camera would have captured the incident and supported his claims, but was destroyed, entitling him to sanctions in the form of an adverse inference jury instruction.

DISCUSSION:

In order to demonstrate spoliation, the following factors must be satisfied: "(1) the evidence in question must be within the party's control; (2) it must appear that there has been actual suppression or withholding of the evidence; (3) the evidence destroyed or withheld was relevant to the claims or defenses; and (4) it was reasonably foreseeable that the evidence would later be discoverable." Ogin v. Ahmed, 563 F. Supp.2d 539, 543 (M.D. Pa. 2008). The Third Circuit had determined that an adverse inference jury instruction is an appropriate sanction if a party can demonstrate spoliation. See Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d Cir.1994). The Court must examine the following factors: "(1) the degree of fault of the party who altered or destroyed the evidence, (2) the degree of prejudice suffered by the opposing party, and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." Id. at 79. A court will not allow an adverse inference in cases where the evidence has been lost or accidentally destroyed. Select Medical Corp. v. Hardaway, 05-cv-3341, 2006 WL 859741, 9 (E.D. Pa. March 24, 2006) (Tucker, J.), citing Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 334 (3d Cir. 1995). "As a general rule, the burden of proof on a spoliation claim lies with the party asserting that spoliation of evidence has taken place." Byrnie v. Town of Cromwell, Bd. of Ed., 243 F.3d 93, 107–08 (2d Cir. 2001); See also Rogers v. Allstate Ins. Co., 11-cv-7776, 2012 WL 5250513 (E.D. Pa. Oct. 23, 2012) (Sitarski, J.).

It is undisputed that there are generally two cameras at the Colwyn Borough Council meetings, one of them in the audience pointed at the Council table and one behind the table. Pray testified that her husband generally operated the video cameras at the Council meetings, but

2

was not present on the evening in question.  (Pray dep. at 9-10).  On the evening of June 9, 2011,

John Moore assisted Ms. Pray and operated the camera in the audience. (Id.)  Ms. Pray testified

that she was unable to get the camera behind the table to work.  (Pray dep. at 18-19, 37-38.

Plaintiff relies on the fact that Mayor Rutland saw a red light on the camera. However, while

Mayor Rutland testified that he assumed the cameras were working because he saw red lights, he

also acknowledged that he was told one of the cameras was not working.  (Rutland dep at 35).

Based on Pray's testimony, it is not clear that there ever was a second video from the July

9, 2011 meeting. Plaintiff simply has not satisfied his burden in proving spoliation. It is not clear

that a second video tape from that evening existed and he has certainly not demonstrated that

such a tape was intentionally destroyed.  Defendants also contend that since Plaintiff has been

able to depose those present at the meeting, he has not been prejudiced by the absence of the

tape.  See  Chirdo v. Minerals Technologies, Inc., 2009 WL 2195135 (E.D. Pa. July 23, 2009)

(Stengel, J.) (finding Plaintiff was unable to demonstrate prejudice from missing emails where

they were free to depose witnesses).

Finally, Plaintiff agrees that the video (if it existed) was in the exclusive control of

Tonette Pray (Pray dep. at 34-36).  Even if Plaintiff could satisfy the remaining factors to

demonstrate spoliation, Tonette Pray is no longer a party in this case.  See Brewer v. Quaker

State Oil Ref. Corp., 72 F.3d 326, 334 (3d Cir.1995) (for the rule to apply the evidence in

question must be within the party's control).  Clearly, the defendants in the case, Reed and

Craddock did not have control of the video.  Therefore, an adverse jury instruction would punish

the wrong parties.

For all of these reasons, I enter the following: